## UTAH ASS'N OF CREDITMEN v. BULLER.

No. 3510.   Decided December 10, 1920.   (194 Pac. 127.)

1. EVIDENCE—ON ISSUE WHETHER SELLER RETAINED TITLE THAT HE RETAINED TITLE IN PRIOR DEALINGS NOT ADMISSIBLE. Testimony of furniture salesman that seller in prior dealings with buyer retained titles *held* not admissible to prove retention of title in subsequent sale to such buyer; there being no necessary or logical connection between the prior dealings and the later sales.

2. SALES—BUYER'S SIGNATURE TO DELIVERY SLIPS HELD INSUFFICIENT TO ESTABLISH CONDITIONS OF SALE. ,Buyer's signature to delivery slips containing words: "Conditional sale. · Title retained by W. [seller] until paid in full"—*held* insufficient to establish a conditional sale in absence of proof that buyer read the delivery slip or that his attention was called to the stipulation that title should remain in seller; such delivery slip not constituting the contract between the parties.

3. SALES—MINDS MUST MEET TO CREATE CONDITIONAL SALE CONTRACT. An undisclosed intent of the seller is not of itself sufficient to make delivery conditional, and in order that there may be a conditional sale and the title retained by the seller, the minds of the parties, must meet, unless the contract be executory for an article to be manufactured, in which case, under Uniform Sales Act, Comp. Laws 1917, §§ 5114, 5123, and 5129, title does not pass prior to the appropriation of the goods to the contract, and at the time of the appropriation the seller may reserve the right to possession or the right of property until certain conditions have been fulfilled.

Appeal from District · Court, Third District, Salt Lake County; *John F. Tobin,* Judge.

Action by the Utah Association of Creditmen against N. J. Buller.   Judgment for plaintiff, and defendant appeals.

AFFIRMED.

*Walton & Walton,* of Salt Lake City, for appellant.

*T. O. Sheckell,* of Salt Lake City, for respondent.

WEBER, J.

Plaintiff sued to recover $330, a balance due on a sale by it to defendant on the furniture, fixtures, and equipment of the Welcome Cafeteria. The defense was that title failed to some of the personal property to the extent of the claimed balance.

The answer alleges that the Western Furniture Company was the owner of some of said property, and that the defendant was forced to pay said Western Furniture Company therefor in order to hold the property. Plaintiff sold the property to defendant in September, 1918, for $2,040. Defendant paid thereon $1,710 and refused to pay the balance.

Plaintiff acquired title as assignee for the benefit of the creditors of Mr. and Mrs. G. A. Alder who had been doing business as the Welcome Cafeteria. The case was tried to the court without a jury. Defendant appeals from a judgment in favor of plaintiff.

A bill of goods was bought by the Alders of the Western Furniture Company in 1917. The evidence is conflicting as to whether anything was said at the time of the order for the goods about retention of title. The Alders had purchased similar goods from the Western Furniture Company before. Defendant offered to prove that in the prior dealings the furniture company had taken title retaining notes. The proffered testimony was excluded by the court. This ruling is assigned as error. It is claimed by appellant that the offered testimony bore directly upon the probabilities as to whether the witness for appellant was correct in his testimony that his recollection of a conversation which he as a salesman of the furniture company had with Alder was that the purchasers were to sign a title retaining note, or whether the

Alders were correct in testifying that nothing was said as to title retaining notes.

On "Course of Conduct or Dealing" it is said in 17 Cyc. 281:

"The presumption of regularity is founded upon an inference of fact. Whenever, in the opinion of the court, such a relevant course of conduct or dealing on the part of a given individual is established as to render its continuance to the time involved in the issue probable, its existence may be used as evidence that he acted in accordance with it on a particular occasion."

We fail to perceive that the excluded testimony was relevant or that it had any probative value. No necessary or logical connection existed between the prior dealings entered into by the parties and the latter sales. If admitted, the testimony that prior dealings had resulted in the execution of title retaining notes for property purchased by the Alders from the furniture company would tend to prove that the credit of the Alders had improved rather than that their testimony at the trial of the present case was probably untrue.

As to another bill of goods purchased by the Alders of the Western Furniture Company the evidence was that the purchase was made in the ordinary way; the goods being charged on account. When these goods were delivered, the purchaser signed what the parties called a "delivery slip," which is the only evidence tending to show contractual terms of the sale of these goods and which appellant claims to be evidence of an express contract of a conditional sale, or at least a circumstance plainly evidencing the intention of the parties to reserve title in the Western Furniture Company. The delivery slips, among other things, contained the name of the vendor, date of delivery, list of goods and prices, that they were received in good condition, and in the body of the slip the words: "Conditional sale. Title retained by Western Furniture Company until paid in full." The "terms" were left blank, the printed line on that subject being: "Terms $—— down. $—— every week —— month." By itself such a delivery slip is far from the modicum of proof required to establish a conditional sale.

Appeal from Third District

When property is delivered to a purchaser, and there is no previous contract retaining title in the seller, the mere fact that a delivery slip accompanies the goods and is signed by the purchaser to prove delivery in good condition cannot be held to constitute a contract between vendor and vendee.

The proof does not show that the Alders ever read the delivery slip or that their attention was called to the stipulation, or that they ever intended to agree that title to these goods should remain in the seller. Whatever may have been the intention of the seller is immaterial. Any undisclosed intent of the seller could not of itself be sufficient to make the delivery conditional. In order that there may be a conditional sale and title retained by the vendor, the minds of the parties must meet, unless the contract be executory for an article to be manufactured, and then under the Uniform Sales Act (Comp. Laws Utah, 1917, §§ 5114, 5123, 5129) title does not pass prior to the appropriation of the goods to the contract, and at the time of the appropriation to the contract the vendor may reserve the right of possession or the right of property until certain conditions have been fulfilled.

The finding of the district court that the Western Furniture Company did not sell the goods conditionally and did not reserve title until they were paid for is amply sustained by the evidence.

We think the judgment right, and it is therefore affirmed, with costs.

CORFMAN, C. J., and FRICK, GIDEON, and THURMAN, JJ., concur.